**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMILLAH A. OMAR, | |
| Plaintiff, | Case No. 1:25-cv-3534 |
| v. | |
| CITY OF CHICAGO | |
| Defendant. | |

## COMPLAINT AT LAW

NOW COMES Plaintiff JAMILLAH OMAR ("Plaintiff"), by and through her attorney, Blake Horwitz, Esq., of The Blake Horwitz Law Firm, Ltd., and pursuant to this Complaint against Defendant, CITY OF CHICAGO ("Defendant"), states as follows:

## JURISDICTION

1.        Plaintiff's claims arise under Defendant's violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

2.        This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims.

3.        Plaintiff has exhausted her administrative remedies through the Equal Employment Opportunity Commission. Plaintiff secured a right to sue letter from the Equal Employment Opportunity Commission and timely filed this action.

## PARTIES

4.        Plaintiff JAMILLAH OMAR is presently a resident of California and was employed by the City of Chicago in the role of Customer Service Manager for the Defendant's Department of Finance, from August 2012 until her constructive dismissal on January 25, 2022.

1

5.      At the time of her dismissal, Plaintiff resided in the state of Illinois.

6.      Defendant CITY OF CHICAGO is a duly incorporated municipal corporation and was the employer of Plaintiff.

7.      At all relevant times, Plaintiff had a valid expectation of continued employment with the Defendant.

## INTRODUCTION

8.      Plaintiff submitted a religious accommodation request, informing Defendant that her religious beliefs conflict with Defendant's mandatory COVID-19 vaccine policy. The Plaintiff's request was rooted in her sincere belief that "God created and designed my body with a perfect immune system" and that she should not alter it through vaccination.

9.      Defendant denied Plaintiff's religious accommodation request, asserting that her beliefs were not sincerely held because she could not provide affirmation from a religious leader, even though Title VII does not require membership in a formal religious institution.

10.      Due to this denial, Plaintiff was placed on indefinite, non-disciplinary, unpaid leave, effectively forcing her to resign on January 25, 2022.

11.      Defendant's actions constitute unlawful religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Illinois Human Rights Act; Plaintiff seeks relief as set forth below.

## FACTUAL ALLEGATIONS

### Employment History and Vaccine Mandate

12.      Plaintiff began employment with the City of Chicago in August 2012, most recently serving as Manager of Customer Services for the Defendant's Department of Finance.

13.      On August 25, 2021, Defendant implemented a mandatory COVID-19 vaccine policy requiring all employees to be vaccinated by December 31, 2021, unless granted a medical

2

or religious exemption.  Employees without an exemption who refused vaccination were placed on non-disciplinary unpaid leave until they became fully vaccinated.

### Plaintiff's Religious Accommodation Request

14.     On August 24, 2021, Plaintiff submitted a religious exemption from the Defendant.  She articulated in her request for an exemption that she had a sincere religious belief that "GOD created and designed my body with a perfect immune system" and that she "should not alter or defile [her] GOD-given immune system" through vaccination.

15.     Plaintiff also stated in her request that "In addition this vaccination conflicts with my sincere and deeply held religious beliefs due to all 3 vaccines having been developed and produced from, tested with, researched on or connected with aborted fetal cell lines. These principles prevent me from being vaccinated."

16.     Plaintiff objected to the COVID-19 vaccines' connection to fetal cell research, as she believes the use of aborted fetal cells in vaccine development conflicts with her religious principles.

17.     Plaintiff answered all required questions in the request form but declined to provide an affirmation from a religious leader, explaining that she does not belong to a formal religious institution.

18.     On October 17, 2021, Defendant implemented a policy requiring all unvaccinated employees to be tested twice a week and submit the results to an online portal. Plaintiff faithfully complied with this directive.

19.     On November 2, 2021, Defendant requested additional information, including a religious leader's affirmation. Plaintiff quickly responded that her beliefs are sincere, personal, and not tied to a specific institution.

20.     On November 22, 2021, Defendant refused to engage in a meaningful interactive

3

process and denied Plaintiff's request.

21.     On November 22, 2021, Defendant denied Plaintiff's religious exemption request.

22.     On December 31, 2021, Defendant ended the twice-a-week COVID-19 testing for employees, mandating that all employees must be vaccinated by this date unless the employee had a religious exemption.

23.     Despite Plaintiff's sincere religious beliefs, Defendant required her to either receive the COVID-19 vaccine or face unpaid leave.

**Plaintiff's Constructive Discharge**

24.     Plaintiff was placed on indefinite, non-disciplinary unpaid leave for refusing the COVID-19 vaccine in accordance with her religious beliefs.

25.     Plaintiff was an excellent performer of her job duties.

26.     Title VII's statutory definition of "religion" includes "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j).

27.     The U.S. Equal Employment Opportunity Commission ("EEOC" advises employers to "ordinarily assume that an employee's request for religious accommodation is based on sincerely held religious belief, practice, or observance."

28.     An individual's representations about his or her belief must be given great weight and are enough to demonstrate sincerity.

29.     Plaintiff's religious conviction is highlighted by the fact she remained unvaccinated in the face of termination, losing her livelihood.

30.     On January 11, 2022, Plaintiff submitted her resignation, effective January 25, 2022, citing the reasonable impossibility of remaining employed under Defendant's discriminatory policy which required vaccination notwithstanding her sincerely held religious

belief.

31.     Plaintiff was not allowed to work after submitting her resignation on January 11,

2022, due to being unvaccinated.

32.     Defendant's refusal to grant her a religious accommodation forced Plaintiff to

choose between her sincerely held beliefs and her career, which effectively forced her out of her

job and amounted to constructive discharge.

33.     Defendant is not claiming undue hardship.

34.     Defendant cannot allege undue hardship when other employees performing

similar job duties were granted religious and medical accommodations for the vaccine.

35.     Plaintiff submitted her claim before the EEOC and has, within 90 days, filed the
instant action.

<u>**Count I**</u>
<u>**Violation of Title VII**</u>
<u>**(Religious Discrimination–Failure to Accommodate)**</u>

36.     Plaintiff re-alleges and incorporates all prior paragraphs (1-35) as if fully stated

herein.

37.     Defendant denied Plaintiff's request without a legitimate justification, solely

based on the absence of a religious leader's affirmation.

38.     At all times relevant hereto, Plaintiff was an employee and Defendant was her

employer for 42 U.S.C. § 2000e, *et seq*.

39.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., makes it

unlawful for an employer to fail or refuse to reasonably accommodate the religious beliefs and

practices of an employee.

40.     Title VII prohibits an employer from discriminating against an employee

"because of such individual's... religion." 42 U.S.C. § 2000e-2(a)(1).

41.     Title VII makes it unlawful for an employer to retaliate against an employee who engaged in protected activity.

42.     Plaintiff holds sincere *bona fide* religious beliefs that preclude her from receiving a COVID-19 vaccine.

43.     Plaintiff informed Defendant of those beliefs and requested religious accommodation from the vaccine mandate. *Id.*

44.     Defendant failed to provide Plaintiff with reasonable accommodations for her religious beliefs.

45.     Defendant discriminated against Plaintiff because of her religious beliefs.

46.     As a direct and proximate result of Defendant's violation of Title VII Plaintiff has suffered damages, both past and present, including loss of income and emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Court award Plaintiff compensatory damages, punitive damages, costs, and attorneys' fees, as well as any other relief this Court deems just and equitable.

### Count II
### Violation of Title VII
### (Religious Discrimination–Disparate Treatment)

47.     Plaintiff re-alleges and incorporates all prior paragraphs (1-35) as if fully stated herein.

48.     Plaintiff espoused religious beliefs and is therefore a member of a protected class.

49.     Defendant granted religious exemptions to other employees whose beliefs aligned with and were affirmed by recognized religious institutions.

50.     Plaintiff, who holds equally sincere but non-institutionalized religious beliefs, was denied an accommodation and was constructively discharged.

51.     Defendant directly discriminated against Plaintiff by terminating her after she stated her sincerely held religious beliefs that conflicted with Defendant's subjected standard of religiosity.

52.     Defendant applied different standards to religious beliefs, discriminating against Plaintiff in violation of 42 U.S.C. § 2000e and Title VII.

53.     Defendant's disparate treatment caused the Plaintiff economic, psychological, and emotional harm.

WHEREFORE, Plaintiff respectfully requests that this Court award Plaintiff compensatory damages, punitive damages, costs, and attorneys' fees, as well as any other relief this Court deems just and equitable.

## Count III
## Violation of the Illinois Human Rights Act

54.     Plaintiff re-alleges and incorporates all prior paragraphs (1-35) as if fully stated herein.

55.     The Illinois Human Rights Act (775 ILCS 5/2-102(A)) prohibits employers from discriminating against an employee based on religion.

56.     Defendant failed to provide Plaintiff a reasonable accommodation and applied an arbitrary requirement for religious leader verification.

57.     Defendant's refusal to grant a religious accommodation constitutes unlawful religious discrimination under state law.

WHEREFORE, Plaintiff respectfully requests that this Court award Plaintiff

compensatory damages, punitive damages, costs, and attorneys' fees, as well as any other relief this Court deems just and equitable

## Count IV
## First Amendment

58.     Plaintiff re-alleges and incorporates all prior paragraphs (1-35) as if fully stated herein.

59.     The Free Exercise Clause of the First Amendment to the United States Constitution prohibits the government's burdening of a sincerely held religious belief. The Supreme Court has held that "a law burdening religious practice that is not neutral or not of general application must undergo the most rigorous of scrutiny." *Church of the Lukumi Babalu Aye, Inc.v. Hialeah,* 508 U.S. 520, 546 (1993). A non-neutral or non-generally applicable law must be the least restrictive means available to further a compelling government interest in order to withstand strict scrutiny.

60.     Plaintiff's sincerely held religious beliefs prohibited her from receiving any of the available COVID-19 vaccines.

61.     Defendant's COVID-19 vaccination mandate substantially burdened Plaintiff's free exercise of religion, in that compliance would have required violation of her religious beliefs as the sole alternative to suffering adverse employment actions, including suspension and termination, and financial harm.

62.     Defendant's COVID-19 vaccination mandate was not neutral or generally applicable as a result of its disparate treatment of medical and administrative requests versus religious requests for exemption and accommodation.

63.     Defendant did not have a compelling interest in requiring Plaintiff to violate her sincerely held religious beliefs as a result of the inconclusive functionality of the presently available COVID-19 vaccines in preventing viral transmission, carry, and illness. Moreover, Defendant's interest in mandating Plaintiff to be vaccinated cannot be compelling where other

employees provided accommodations for non-religious reasons.

64. Less restrictive means to promote office health and safety were available to the Defendant, including masking, antigen testing, antibody testing, remote work, physical distancing, and temperature checks, among others. As such, the Defendant's COVID-19 vaccination mandate failed strict scrutiny.

65. Plaintiff was entitled to a declaration that Defendant violated her First Amendment right to the free exercise of religion. Further, Plaintiff is entitled to reasonable costs of this lawsuit, including attorneys' fees pursuant to 42 U.S.C. § 1988 and other applicable laws, as well as damages against Defendant, including in an individual capacity, in an amount to be proven at trial. The U.S. Supreme Court has held that individual damages are available against violators. *Tanzin v. Tanvir,* 141 S. Ct. 486 (2020).

WHEREFORE, Plaintiff respectfully requests that this Court award Plaintiff compensatory damages, punitive damages, costs, and attorneys' fees, as well as any other relief this Court deems just and equitable

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Back pay and front pay in lieu of reinstatement;

b. Compensatory and punitive damages for economic and emotional distress as allowed by law;

c. Prejudgment interest;

d. Attorney's fees and costs; and

e. Any other relief this Court deems just and proper.

## **JURY DEMAND**

PLAINTIFF demands a trial by a twelve-person jury.

Respectfully submitted,

**_s/Blake Horwitz_**
Plaintiff's Attorney

Blake Horwitz, Esq.
**The Blake Horwitz Law Firm, Ltd.**
216 S. Jefferson St., Ste. 101
Chicago, IL 60661
Phone: (312) 676-2100
bhorwitz@bhlfattorneys.com

10