**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Jamillah A. Omar, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25-cv-03534 |
| | ) | |
| City of Chicago, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

The defendant's motion to dismiss [10] is granted, for the reasons explained in the following statement. This case is dismissed with prejudice. Final Judgment will be entered in favor of the City of Chicago.

## STATEMENT

The plaintiff, Jamillah Omar, filed this case against the defendant City of Chicago regarding its COVID-19 vaccination policy for employees. Omar worked for the City between August 2012 and January 2022. Compl. 1 ¶ 4, ECF No. 1.[1] In August of 2021, the City adopted a policy requiring all of its employees to be vaccinated against COVID-19, unless they received a medical or religious exemption. *Id.* at 2–3 ¶ 13. If an employee remained unvaccinated in violation of the policy, they would be put on non-disciplinary unpaid leave. *Id.*

Omar sought a religious exemption to the vaccination policy, telling the City that "GOD created and designed [her] body with a perfect immune system" and that she believed she "should not alter or defile [her] GOD-given immune system." *Id.* at 3 ¶ 14. She further said that the vaccine "conflicts with my sincere and deeply held religious beliefs due to all 3 vaccines having been developed and produced from, tested with, researched on or connected with aborted fetal cell lines. These principles prevent me from being vaccinated." *Id.* at 3 ¶ 15. The City asked her to provide the affirmation of a religious leader to support her exemption request. *Id.* at 3 ¶ 19. She did not do so, explaining that "her beliefs are sincere, personal, and not tied to a specific institution." *Id.* at 3 ¶ 19.

The City denied Omar's exemption request on November 2, 2021. *Id.* at 4 ¶¶ 21. Because Omar refused to be vaccinated despite not receiving an exemption, she alleges, the City placed her on indefinite unpaid leave. *Id.* at 4 ¶¶ 24. Omar resigned on January 25, 2022, supposedly because

---

[1] The Court takes the following facts from Omar's complaint, which are assumed to be true at this stage. *Kilborn v. Amiridis*, 131 F.4th 550, 554 (7th Cir. 2025).

the City's policy effectively forced her to decide between her religious beliefs and receiving pay. *Id.* at 4–5 ¶ 30. She brought this action against the City on April 2, 2025, seeking backpay and damages.

The City filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Omar failed to state a claim for which relief can be granted. On a motion to dismiss, the Court accepts the pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *Kilborn v. Amiridis*, 131 F.4th 550, 554 (7th Cir. 2025). The Court does not, however, accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Viewed in this light, a complaint must state a facially plausible claim to relief to overcome the motion to dismiss. *Id.*

Omar's complaint includes theories of relief under Title VII, the Illinois Human Rights Act, and the First Amendment. Each of these theories requires Omar to show that she had a religious objection to the City's policy and that the City took adverse action against her because she refused to be vaccinated. *See Coleman v. Donahoe*, 667 F.3d 835, 845 (7th Cir. 2012); *Budzileni v. Dep't of Hum. Rts.*, 910 N.E.2d 1190, 1209 (Ill. App. Ct. 2009); *Troogstad v. City of Chicago*, 571 F. Supp. 3d 901, 916 (N.D. Ill. 2021), *aff'd sub nom.*, *Lukaszczyk v. Cook Cnty.*, 47 F.4th 587 (7th Cir. 2022). While Omar can plausibly allege the former, her allegations cannot satisfy the latter requirement.

The City's contention that Omar did not sufficiently plead that her beliefs were religious is unpersuasive. Omar alleges she told the City that her objections were based on her "sincere and deeply held religious beliefs," and explained why. This suffices to allege that her objection to vaccination was grounded in religious belief. *See Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1009 (7th Cir. 2024) ("[The plaintiff's] statement connects her objection to vaccination with her Christian beliefs regarding the sanctity of the human body . . . In short, both exemption requests are based on their face and at least in part on a dimension of the plaintiffs' religious beliefs. This makes them—at least at the pleading stage—religious in nature . . . .").[2]

Two other arguments offered by the City also fail. The City points to two cases in which courts have considered information outside the complaint in concluding that a COVID-19 vaccine developed without the use of fetal stem cells was available, to support its contention that Omar's beliefs did not conflict with the City's policy. Mot. Dismiss 7–8, ECF No. 11; *see Ellison v. Inova Health Care Servs.*, 730 F. Supp. 3d 221, 229–30 (E.D. Va. 2024); *Stynchula v. Inova Health Care Servs.*, No. 23-cv-01629, 2024 WL 4830578, at *14 (E.D. Va. Nov. 19, 2024). The vaccine in question, however, which was manufactured by Novavax, was not granted Emergency Use Authorization until July 13, 2022, six months after Omar claims she was constructively discharged.

The City also points to the Illinois Tort Immunity Act, which purports to provide immunity to state entities for policy decisions related to disease prevention against any "civil action, whether

---

[2] *Passarella* is a Title VII case, but the opinion makes clear that the standard for determining "whether an individual harbors a religious belief or engages in religious practice" is substantively the same under the First Amendment as well: "If an accommodation request can be read on its face as plausibly based in part on an aspect of the plaintiff-employee's religious belief or practice, that is enough to survive a motion to dismiss." *Passarella*, 108 F.4th at 1010–11.

based upon the Constitution of the United States or the Constitution of the State of Illinois, and the statutes or common law of Illinois or of the United States." 745 Ill. Comp. Stat. 10/1-204 (West 2025); *id.* § 10/6-104. But the Illinois Tort Immunity Act does not—cannot, under the Supremacy Clause—shield state entities from liability under federal statutes. *Thomas ex rel. Smith v. Cook Cnty. Sheriff*, 401 F. Supp. 2d 867, 875 (N.D. Ill. 2005).[3]

More problematic for Omar's claim that she was placed on unpaid leave for refusing vaccination, however, is the City's contention that she submitted a letter of resignation before she was placed on unpaid leave.[4] Compl. 4 ¶ 24. In the letter, dated January 11, 2022, Omar indicated that her "last work day" would be January 25, 2022, suggesting—contrary to the allegations of the complaint—that she had not been placed on unpaid leave as of January 11, even though her request for a religious exemption from the vaccination policy had been denied in November 2021. Further, and again contradicting the complaint's allegations, the resignation letter says nothing at all about the "impossibility of remaining employed under Defendant's discriminatory policy." Compl. 4 ¶ 30. To the contrary, the resignation letter states that Omar was resigning to pursue "other career opportunities" and expresses her appreciation for the enjoyable and fulfilling work she and her colleagues had performed.

If there were any doubt that the resignation letter establishes that Omar had not been placed on unpaid leave as of January 11, her response brief eliminates it. In her brief, Omar acknowledges that it was "during this time"—that is, from January 11 to January 25—that "[s]he was forbidden from working." Resp. 3, ECF No. 18. This concession dooms Omar's claim. Because Omar was only placed on unpaid leave *after* she submitted her resignation, she cannot plausibly allege that her decision to resign was due to her placement on unpaid leave.

In the absence of any adverse employment action, Omar fails to adequately allege that the City "target[ed] religious conduct for distinctive treatment," *Church of Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520, 534 (1993), and her contentions do not suffice to support her claim on a motion to dismiss. Because the resignation letter coupled with Omar's arguments make clear that amendment would be futile, this action is dismissed with prejudice.

Date: March 11, 2026

John J. Tharp, Jr.
United States District Judge

---

[3] Both parties do agree, however, that Omar cannot seek punitive damages against the City. Mot. Dismiss 14; Resp. 15, ECF No. 18.

[4] Although Omar did not attach her resignation letter to the complaint, she does not dispute that she submitted her resignation on January 11, effective January 25, and lodges no objection to the City's use of the letter.